10-09065-E
COMPLAINT
PLAINTIFF: HERITAGE PACIFIC FINANCI[
DEFENDANT: MIGUEL ARREDONDO
JUDGE: HON. R. SARGIS
RELATED CASE: 10-92234

FILED 9/7/10 - 10:37 AM
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
MODESTO DIVISION    mstm
RECEIPT NO: 9-10-07046 $250.00
2010-09065
341

BRAD A. MOKRI, ESQ., SBN: 208213
LAW OFFICES OF MOKRI & ASSOCIATES
1851 E. First Street, Suite 900
Santa Ana, California 92705
Telephone No.: (714) 619-9395
Facsimile No.: (714) 619-9396

Attorney for Plaintiff
HERITAGE PACIFIC FINANCIAL LLC.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
MODESTO DIVISIONAL OFFICE

| | |
|---|---|
| In Re:<br>MIGUEL ARREDONDO<br><br>Debtor. | Chapter 7<br>Bankruptcy No. : 9:10-bk-92234<br><br>Adversary Case No.: |
| HERITAGE PACIFIC FINANCIAL, LLC.<br>D/B/A HERITAGE PACIFIC FINANCIAL, a Texas Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>MIGUEL ARREDONDO<br>Defendants. | COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT<br><br>[11 U.S.C. §523(a)(2)(A); 11 U.S.C. §523(a)(2)(B)]<br><br>DATE: See Summons |

## COMPLAINT TO DETERMINE THE
## DISCHARGEABILITY OF DEBT AND FOR JUDGMENT

Plaintiff, through its attorney, Brad A. Mokri, of Law Offices of Mokri & Associates, states as follows:

### I. PARTIES AND JURISDICTION

1. This is an adversary proceeding in bankruptcy brought by Heritage Pacific Financial, LLC. dba Heritage Pacific Financial pursuant to 11 U.S.C. § 523.

2. Defendant filed a Chapter 7 bankruptcy petition on June 10, 2010.

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT
- 1

3.  Jurisdiction is vested in this proceeding pursuant to 28 U.S.C. § 157, 28 U.S.C. §1334, AND 11 U.S.C. § 523; this matter is a core proceeding.

4.  Plaintiff is a creditor of defendant. Plaintiff is the assignee and current owner and/or holder of Defendant's loan and related mortgage note.

## II. FIRST CLAIM FOR RELIEF

### False Pretenses, False Representation or Actual Fraud

[11 U.S.C. § 523(a)(2)(A); 11 U.S.C. §523(a)(2)(B)]

5.  Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 4, above.

6.  Plaintiff has attempted to resolve this matter prior to filing this complaint by contacting the Defendant's attorney.

7.  In an effort to obtain funds to purchase real property, Defendant applied for and obtained a loan bearing Loan No. XXXX0050.

8.  Defendant utilized the aforementioned loan, creating a balance due and owing on this loan of $91,470.00 including interest as of the date the bankruptcy petitioner was filed.

9.  In an effort to obtain funds to purchase his property, Defendant caused to have completed on his behalf, a Uniform Residential Loan Application, otherwise known as a 1003 Form, which Defendant executed and signed.

10. On the Uniform Residential Loan Application, Defendant certified the accuracy of the information contained therein and consented to the verification and re-verification of the information contained therein.

11. Among the information provided and certified by Defendant in his Uniform Residential Loan Application, Defendant was required to certify information regarding his current employer, statements of his gross monthly income, and to certify that her intended to use the loan proceeds to purchase real property which Defendant intended to use as his primary residence.

12. In furtherance of his effort, because Defendant knew that his then current income was insufficient to support the approval of the loan and/or in an effort to secure the more

---

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT
- 2

favorable primary-residence financing rate, Plaintiff is informed, believes and thereon alleges that Defendant:

   a) Provided, prepared, caused to be prepared, false loan applications, which misstated his employment, income and/or intended use of the property as a primary residence;

   b). Certified a false loan application, which misstated his employment income and/or intended use of the property as a primary residence; and

   c). Caused his agents to submit to lenders a false loan application and other loan related documents

13. The lender did not know, and had no reason to know, that the information and documentation provided by Defendant in, and in conjunction with, his loan applications was false, and in reliance on the information and documentation provided by Defendant to the lender therein approved the loan.

14. Defendant executed a promissory note in favor of his initial lender, its successors, transferees, and assigns (collectively hereinafter "LENDER").

15. The proceeds of the loan, as referenced in the promissory note, were to be used by Defendant in the purchase or refinance of the property described therein. In exchange, Defendant agreed and promised to pay Lender according to the mutually agreed upon terms and conditions more particularly described in the promissory notes.

16. At the time of the execution of the loan, Defendant failed to disclose to Lender that he did not and would not have been able to earn the amount of income as represented on the loan applications.

17. Lender fully performed, and Defendant acquired title to the property.

18. The promissory note was duly assigned by the original lender and/or its assignees to Plaintiff, who is the current owner and/or holder of Defendant's Loan and related mortgage note.

19. Defendant has defaulted on his obligations to re-verify the information contained in their Uniform Residential Loan Application. Despite Plaintiff's attempts to secure

---

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**
- 3

information from Defendant to re-verify the information contained in his loan application, Defendant has failed and/or refused to comply with Plaintiff's requests.

20. By reason of the foregoing, Defendant obtained money from Lender through false pretenses, false representations and actual fraud.

21. Defendant, therefore, had a specific intent to defraud Lender by accepting the benefits of the financing without ever intending to repay the same.

22. Defendant's actions constitute material misrepresentations of the facts.

23. Defendant intended for Lender to rely on those misrepresentations.

24. Lender did rely upon Defendant's misrepresentations of repayment and was induced to lend money to Defendant by those misrepresentations.

25. Lender reasonably relied on Defendant's misrepresentations.

26. As a result of Defendant's conduct, Plaintiff has suffered damages at a minimum in the amount of $91,470.00 plus interest and reasonable attorney fees.

Pursuant to 11 USC § 523(a)(2), Defendant should not be granted a discharge of this debt to the Plaintiff in the amount of $91,470.00 plus interest and reasonable attorney fees.

### III. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court grant the following relief:

1. A monetary judgment against Defendant in the amount of $91,470.00, plus accrued interest at the contractual rate, plus, additional interest at the contractual rate, which will continue to accrue until the date of judgment herein;

2. An order determining that such debt is non-dischargeable under 11 USC § 523(a)(2);

3. An order awarding Plaintiff its attorneys' fees and costs incurred herein; and

4. An order awarding Plaintiff such additional relief as this Court deems just and equitable.

Dated: 9/3/10

Respectfully Submitted,
LAW OFFICES OF MOKRI & ASSOCIATES

---

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**
- 4 -

By: /s/ Brad A. Mokri
Brad A. Mokri
Attorney for Plaintiff
Heritage Pacific Financial, LLC.
dbaHeritage Pacific Financial