FILED
April 01, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003393380

BRAD A. MOKRI, SBN: 208213
LAW OFFICES OF MOKRI & ASSOCIATES
1851 E. First Street, Suite 900
Santa Ana, California 92705
Telephone No.: (714) 619-9395
Facsimile No.: (714) 619-9396

Attorney for Plaintiff HERITAGE PACIFIC FINANCIAL LLC dba HERITAGE PACIFIC FINANCIAL

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br>MIGUEL ARREDONDO<br>1201 Allen Street<br>Modesto, CA 95350<br><br>Debtor.<br><br>HERITAGE PACIFIC FINANCIAL, LLC., doing business as HERITAGE PACIFIC FINANCIAL,<br><br>Plaintiff,<br>vs.<br>MIGUEL ARREDONDO,<br>Defendant | Chapter 7<br>Bankruptcy No. 10-92234-E-7<br><br>Adversary Case No.: 10-09065-E<br><br>**DECLARATION OF BEN GANTER IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>[Notice of Motion and Motion; Statement of Uncontroverted Facts and Conclusions of Law; Memorandum of Points & Authorities and Declaration of Brad A. Mokri; Declaration of Mark Schuerman; and [Proposed] Judgment filed concurrently herewith]<br><br>[F.R.C.P. 56 & F.R.B.P. 7056] |

**DECLARATION OF BEN GANTER**
- 1

I, Ben Ganter, declare as follows:

1. I am the Director of Client Relations for Heritage Pacific Financial, LLC d/b/a Heritage Pacific Financial. I am familiar with Heritage Pacific Financial's regular course of business and its operations within the secondary mortgage market. I participate in the purchase of mortgage notes on the secondary market, on behalf of Plaintiff Heritage Pacific Financial. I am competent to make this declaration and the facts stated in this declaration are within my personal knowledge and are true and correct unless otherwise stated herein.

2. When purchasing loans on the secondary market, Heritage Pacific Financial relies *only* on the information provided on the loan application (otherwise referred to as the 1003 Application or Uniform Residential Loan Application).

3. When seeking to purchase a note on the secondary market, Heritage relies on the stated income of the borrower, the borrower's assets and debts, occupation, and other real property as set forth on the 1003 Application. The borrower signs an "Acknowledgement and Agreement" representing to the lender, its agents, brokers, processors, attorneys, insurers, servicers, successors and assign that the information provided in this application is true and correct.

4. By signing the "Acknowledgement and Agreement" the borrower intends to make these representations to any subsequent note holders, like Heritage Pacific Financial. This acknowledgement and agreement is an essential clause to which Heritage Pacific Financial relies on in purchasing the notes from the Lender. Absent this clause, Heritage Pacific Financial would have no incentive to purchase these notes, and the risk of loss would gravely outweigh the cost.

5. By relying on the representations contained within the 1003 Application, such as income, assets, occupation and other properties, Heritage Pacific Financial assumes that even if the borrower defaults, Heritage Pacific Financial will still be able to collect on the note considering the amount of income the borrower has represented to make annually. For example, Defendant ARREDONDO made the following representations, to which Heritage Pacific Financial relied on when purchasing the subject notes:

a. Miguel Arredondo represented on the 1003 Application (A true and correct copy of the 1003 Application is attached as **Exhibit B** to Plaintiff's Memorandum of Points and Authorities) that he was the owner of Mike's Landscaping and earned $15,000.00 per month. He further represented that he had other assets valued at $1,214,317.00 including real estate valued at $1,054,000.00 and liquid assets of $35,317.00.

6. Heritage had no knowledge and had no reason to know, that the information and documentation provided by Defendant contained false information and in reliance thereon approved the loan. Had Heritage Pacific Financial known that the actual income of the borrower was falsely stated on the 1003 Application, Heritage Pacific Financial would not have purchased that note.

7. The lender fully performed and Defendant acquired title to the property. Defendant ARREDONDO executed a promissory note and the loan was secured by a second deed of trust (second mortgage) recorded against the subject property. A true and correct copy of Defendant's Promissory Note is attached to Defendant's Memorandum of Points and Authorities as **Exhibit C**. Heritage is the junior lienholder and holder of the second deed of trust for the subject property.

8. Defendant obtained a thirty-five (35) year loan and defaulted within two (2) years after the loan documents were executed. Defendant defaulted on his payment obligations and his obligation to re-verify the information contained in her Uniform Residential Loan Application. A true and correct copy of Defendant's "Certification & Authorization" is attached to Defendant's Points and Authorities as **Exhibit D**; See also **Exhibit B** attached to Defendant's Points and Authorities.

9. As Director of Client Relations, I am also familiar with the terms, payments received, and defaults associated with these Defendants and have personal knowledge of the following facts:

   a. Defendant utilized the aforementioned loan, creating a balance due and owing on this loan of $91,470.00.

---

**DECLARATION OF BEN GANTER**
- 3

1 | I declare under penalty of perjury under the laws of the State of California and the United
2 | States of America that the foregoing is true and correct.
3 | Executed on March 29, 2011 at Dallas, Texas.

**Heritage Pacific Financial, LLC**
**d/b/a Heritage Pacific Financial**
By: _____
BEN GANTER
Director of Client Relations and Custodian
of Records for Pacific Financial LLC.

---

DECLARATION OF BEN GANTER
- 4